# IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND

| | |
|---|---|
| Melissa Cooper )<br>10432 Mt. Quail Road )<br>Silver Spring, MD 209100) )<br>)<br>)<br>)      Plaintiff,       )<br>)<br>vs.                               )<br>)<br>Kia Henderson               )<br>DC Public Schools         )<br>1200 First Street NE      )<br>Washington, DC 20002  )<br>Serve                             )<br>Irvin B. Nathan              )<br>BOE Chair                     )<br>14201 School Lane       )<br>Upper Marlboro, MD   )<br>)<br>       Defendant.           )<br>                                     ) | CASE NO. _____ |

## COMPLAINT

PlaintiffMelissa Cooper, by and through counsel, C. Sukari Hardnett and the Law Office of C. Sukari Hardnett, brings this civil action against Defendant, on the grounds and in the amounts set forth herein:

## PRELIMINARY STATEMENT

This is an action for unlawful Age based employment discrimination in violation of Title VII of the Civil Rights Act, as amended, 28 U.S.C. § 2000(e); for Retaliation and Hostile Work Environment under <u>Title VII of the Civil Rights Act of 1964 (Title VII)</u>; for discrimination based on the Americans with Disabilities Act (ADA), 42 U.S.C. §§12102, 12111(8), and in violation of the Family Medical Leave Act (FMLA), 29C.F.R. §825 et seq. Plaintiff

seeks actual, statutory and punitive damages, and all attorney's fees and costs incurred in connection with the filing of this action.

## JURISDICTION AND VENUE

This court has diversity jurisdiction over the claims in this action, pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs and all the above stated ACTS provide for the institution of a civil action for damages and equitable relief against an employer by an employee, in any federal or state court of competent jurisdiction.

Venue is proper in the US District Court for the District of Columbia, in accordance with 28 U.S.C. § 1331, as it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A. *See* 42 U.S.C. §2000e-5(f)(1).

## PARTIES

1. Plaintiff Melissa Cooper a resident of Montgomery County, Maryland. She was employed by the Defendant as a Special Education Teacher. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is an African American female over forty years of age with a disability. *See* 42 U.S.C. §2000e(f).

2. Defendant is a government agency that at all times relevant to this action

transacted business and operates in the District of Columbia. Defendant is an employer within the meaning of Title VII. *See* 42 U.S.C. §2000e (b) and the FMLA, 29 C.F.R. §825.105(b).

## FACTUAL ALLEGATIONS

3. Plaintiff was employed by the Defendant as a Special Education Teacher for approximately thirty years.

4. Plaintiff worked at Roosevelt Senior High School in the District of Columbia.

5. Plaintiff was injured on the job and had to have surgery on her foot which prevented her from walking up and down stairs. Plaintiff requested leave to have the surgery and provided the Defendant with all of the necessary medical documentation from her physician.

6. Plaintiff's class room was located on the upper floor of the building and she needed accommodation to get to her class room. Plaintiff had to have access to the elevator to get to her class and often times the only person who could provide her with access was not available.

7. On occasions when Plaintiff could not locate the person with a key to the elevator she was late for class.

8. Plaintiff was reprimanded for being late and had ten points taken from her evaluation when she attempted to explain the situation to management.

9. The ten point reduction caused Plaintiff to lose her rating as a proficient teacher and receive a lower rating which meant that she would be terminated for receiving that rating for two years consecutively.

10. Plaintiff believes that this was done to force her out of the school system because of her age.

11. Plaintiff was terminated and although she was eligible to retire at that time, Plaintiff's paper work was not processed and she had no income for two years. Plaintiff believes that this was done in retaliation for her outspoken position about being discriminated against.

## COUNT I

### AGE DISCRIMINATION IN EMPLOYMENT (ADEA)

### Violation of Age Discrimination in Employment Act of 1967

Paragraphs five (5) through ten (45) are incorporated by reference as if fully set forth herein.

Section 621of the Age Discrimination in Employment Act of 1967 (ADEA) provides in relevant part:

> It is unlawful to discriminate against people who are 40 or older because of age. The law also makes it illegal to retaliate against a person because the person complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit. The law forbids discrimination when it comes to any aspect of employment, including hiring, firing, pay, job assignments, promotions, layoff, training, fringe benefits, and any other term or condition of employment. It is unlawful to harass a person because of his or her age.

39. Defendant intentionally discriminated against Plaintiff because of his age in violation of the ADEA .

40. Plaintiff was fired from employment with Defendant because of his age and retaliated against and subjected to a hostile work environment.

**WHEREFORE**, Plaintiff seeks judgment against the Defendant named on Count I, in the full

amount of his actual damages and for One Hundred Fifty Thousand Dollars ($150,000..00) in punitive damages, plus pre and post judgment interest, costs and all such further relief as the court deems just and proper.

## COUNT II

### HOSTILE WORK ENVIRONMENT

**Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 (e),** *et seq.*

Paragraphs five (5) through twenty-three (50) are incorporated by reference as if fully set forth herein.

Section 2000e-2 of Title VII of the Civil Rights Act of 1964, as amended, provides in relevant part:

> prohibits employment discrimination based on race, color, sex, religion, or national origin. Title VII prohibits harassment based on sex, race, or another protected characteristic, where the harassment culminates in a tangible employment action or is sufficiently severe or pervasive to create a hostile work environment.

41.     Defendant violated the provisions of Title VII of the Civil Rights Act of 1964 by discriminating against the Plaintiff with regards to the terms and condition of his employment on the basis of race, age, disability where the harassment culminated in a Plaintiff's termination after being subjected to a pervasive hostile work environment.

42.     **WHEREFORE,** Plaintiff seeks judgment against the Defendant for all actual and compensatory damages in the amount of One Hundred Fifty Thousand Dollars ($1500,000.00), plus interest, costs, and all such just and further relief as the court deems just

and proper.

## COUNT III

### RETALIATION AND ADA AND FMLA

**Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 (e),** *et seq.*

Paragraphs five (5) through twenty-three (59) are incorporated by reference as if fully set forth herein.

Section 2000e-2 of Title VII of the Civil Rights Act of 1964, as amended, provides in relevant part:

> An employer may not fire, demote, harass or otherwise "retaliate" against an individual for filing a charge of discrimination, participating in a discrimination proceeding, or otherwise opposing discrimination. The same laws that prohibit discrimination based on race, color, sex, religion, national origin, age, and disability, as well as wage differences between men and women performing substantially equal work, also prohibit retaliation against individuals who oppose unlawful discrimination or participate in an employment discrimination proceeding.

In addition to the protections against retaliation that are included in all of the laws enforced by EEOC, the Americans with Disabilities Act (ADA) also protects individuals from coercion, intimidation, threat, harassment, or interference in their exercise of their own rights or their encouragement of someone else's exercise of rights granted by the ADA. *See EEOC's Compliance Manual Section 8, Chapter II, Part D.*

43. Defendant Retaliated against Plaintiff when refused to accommodate his disability

**WHEREFORE,** Plaintiff seeks judgment against the Defendant for all actual and compensatory damages in the amount of Two Hundred Thousand Dollars ($200,000.00), plus interest, costs, and all such just and further relief as the court deems just and proper.

### Damages

As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages.

    a.    Plaintiff was terminated from employment with Defendant. Although Plaintiff has diligently sought other employment, he has been unable to find a job at comparable pay. In addition, plaintiff has incurred expenses in seeking other employment and has had to pay for medical treatment that otherwise would have been covered by the health benefits plan offered by defendant.

    b.    Plaintiff has suffered loss of pension or retirement benefits.

    c.    Plaintiff seeks compensation for all lost wages and benefits, including loss of Social Security benefits. Reinstatement of Plaintiff in his previous position is impractical and unworkable. Therefore, Plaintiff seeks an award of future lost wages and benefits to compensate him up to the mandatory retirement age of sixty-five (65).

    d.    Plaintiff is entitled to prejudgment interest on lost wages and benefits and post judgment interest on all sums, including attorney fees.

    e.    Defendant's conduct was an intentional and willful violation of the Title VII, the ADEA and the ADA. Plaintiff is entitled to an award of liquidated damages within the meaning of the ADEA and the FLSA. *See 29 U.S.C. §626(b).*

## **Attorney Fees**

Plaintiff is entitled to an award of attorney fees and costs under the Title VII, the ADEA and the ADA.

## **Prayer**

For these reasons, Plaintiff asks for judgment against Defendant for all other relief that the Plaintiff is entitled in addition to all relief the Court deems appropriate, just and fair.

## **JURY DEMAND**

Plaintiff Requests a Trial by Jury on all Issues.

                Respectfully submitted,
                Milissa Cooper

                By: _____/S/_____
                          Counsel

C. Sukari Hardnett, Esquire
MD14840
Law Office of C. Sukari Hardnett
804 Pershing Drive Suite 110
Silver Spring, MD 20910
Tel: (301) 587-7001